# EXHIBIT A

1 | Brandi L. Harper, SBN 264672
Brandi@CastilloHarper.com
2 | Joseph N. Bolander, SBN 280857
Joe@CastilloHarper.com
3 | **CASTILLO HARPER, APC**
4 | 6848 Magnolia Ave., Ste 100
Riverside, CA 92506
5 | Ph: (909) 466-5600
6 | Fax: (909) 466-5610

7 | *Attorneys for Plaintiff*
8 | MARCUS SIMPSON

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 7 2018

BY _____
EDEN OTARICKA, DEPUTY

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## COUNTY OF SAN BERNARDINO

11 | MARCUS SIMPSON,

Case No.  CIVDS1809903

12

13 |                           Plaintiff,

14 |        vs.

15 | CITY OF UPLAND, a Public Entity; CHIEF OF
POLICE BRIAN JOHNSON, individually and
16 | in his capacity as Chief of the Upland Police
Department; CITY MANAGER MARTIN
17 | THOUVENELL, individually and in his
capacity as City Manager for the City of
18 | Upland; and DOES 1-10, inclusive.

19 |                           Defendants.

20

21

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1. **Labor Code § 1102.5 Retaliation**

2. **Violation of 42 U.S.C. § 1983 –
Due Process**

3. **Violation of 42 U.S.C. § 1983 –
First Amendment Retaliation**

4. **Discrimination, Interference,
Retaliation – Gov. Code §§ 3502,
3502.1, 3506**

22

23

24

25

26 | Plaintiff MARCUS SIMPSON on behalf of himself, by and through his counsel of
27 | record, brings this Complaint for Damages and Injunctive Relief as follows:
28 | ///

*Sidebar:* CASTILLO HARPER — A PROFESSIONAL CORPORATION

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR
JURY TRIAL**

CASTILLO HARPER
A PROFESSIONAL CORPORATION

## PARTIES, VENUE AND JURISDICTION

This is a first amended complaint for damages and injunctive relief brought by Plaintiff MARCUS SIMPSON ("PLAINTIFF") against The City of Upland, Chief BRIAN JOHNSON, City Manager MARTIN THOUVENELL, and Does 1-10 (collectively referred to as "DEFENDANTS") for retaliation for engaging in protected activity in violation of Labor Code § 1102.5 and First and Fourteenth Amendments to the United States Constitution.

1.    PLAINTIFF was, at all times relevant, a resident of San Bernardino County. Prior to his constructive termination on or about October 11, 2017, PLAINTIFF was at all relevant times a member of the Upland Police Department, serving as a Sergeant.

2.    PLAINTIFF'S home address is confidential pursuant to Penal Code §§146e and 832.7, and Vehicle Code §1808.4(a)(11).

3.    DEFENDANT CITY OF UPLAND ("City") is a duly constituted municipal corporation operating under the laws of the State of California.  The Police Department is an operating department of the City and charged with the responsibility of providing public safety for the City of Upland.

4.    DEFENDANT, BRIAN JOHNSON (JOHNSON), was at all times relevant the Police Chief for the Upland Police Department. In doing the things alleged herein, Johnson acted under the color of state law, within the course and scope of his employment, and as an official policy-maker for the City. As a department head, JOHNSON is vested with policy-making authority over actions such as the ones at issue in this complaint, along with the City Manager, Defendant THOUVENELL.

5.    DEFENDANT, MARTIN THOUVENELL (THOUVENELL), was at all times relevant the City Manager for the City of Upland. In doing the things alleged herein, THOUVENELL acted under the color of state law, within the course and scope of his employment, and as an official policy-maker for the City. As City Manager, THOUVENELL, along with DEFENDANT JOHNSON, is vested with policy-making authority over actions such as the ones at issue in this complaint.

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

6.     DEFENDANT DOES 1 through 10, ("DOES") inclusive, are not known or identified at this time. On information and belief, PLAINTIFF alleges that each DOE is in some manner responsible for the wrongs alleged herein, and that each such defendant advised, encouraged, participated in, ratified, directed or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said defendants become known, PLAINTIFF will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 through 10.

7.     Each and all of the acts of the DEFENDANTS as alleged herein were done by DEFENDANTS, their agents, servants, and employees, and each of them as individuals and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, and under the authority of their employment with full knowledge and approval of their superiors as agents. DEFENDANTS are jointly and severally liable for the injuries and damages sustained by PLAINTIFF.

8.     All claims asserted herein arose in San Bernardino County, California and therefore this court has jurisdiction over all DEFENDANTS and causes of action.

9.     Venue is proper in this court insofar as DEFENDANTS regularly conduct business in the County of San Bernardino. Venue is further proper in this court insofar as the wrongful acts injury and transactions occurred predominantly in the County of San Bernardino, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.    All necessary prerequisites to suit, to the extent there are any, have been met. On November 20, 2017 PLAINTIFF filed a claim for damages with the City. On or about January 5, 2018, PLAINTIFF filed a second claim for damages with the City. On or about, January 11, 2018, the City notified PLAINTIFF that that it had rejected his claim.

## FACTS COMMON TO ALL COUNTS

11.    In or about December of 2014, PLAINTIFF was elected vice president of the Upland Police Management Association ("UPMA") President. In or about April of 2015, PLAINTIFF took over the responsibilities of the UPMA president because the then-president

CASTILLO HARPER
A PROFESSIONAL CORPORATION

3

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

was on leave. On or about May 2016, PLAINTIFF was elected to be the UPMA President. The UPMA is the exclusive representative for Police Management employees at the City of Upland. In his capacity as a union board member and president, PLAINTIFF met with DEFENDANT JOHNSON to discuss the Union issues and problems within the department.

12.   Beginning in 2016, numerous issues arose between the Chief and the Police Management Association. PLAINTIFF upheld his duty to represent the members, and during the course of his union and other protected activity became the target of harassment and retaliation. As part of his responsibilities as Union president, PLAINTIFF raised numerous concerns with JOHNSON, City Officials and City Council, regarding JOHNSON'S conduct and other issues, including, but not limited to, the following:

    a.   the failure to meet and confer about changing working conditions; implementation of redundant paperwork;

    b.   JOHNSON'S inference that supervisors were sexist and racist;

    c.   Complaints of low morale because of JOHNSON'S policies and attempts to implement failed LAPD standards and practices;

    d.   Complaints of lack of staffing and the safety and other issues that resulted therefrom;

    e.   Complaints of lowering/changing hiring standards;

    f.   Complaints of high employee turnover because of JOHNSON'S policies;

    g.   Complaints of JOHNSON'S Lack of communication with supervisors;

    h.   Complaints of JOHNSON undermining sergeants, lieutenants and captain's authority;

    i.   Creation of hostile work environment (e.g. JOHNSON referred to certain supervisors as "saboteurs", claiming he had informants inside or outside the bargaining unit);

    j.   Complaints regarding shifting of staff schedules without abiding by the MOU or seniority;

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

CASTILLO HARPER
A PROFESSIONAL CORPORATION

k. Complaints regarding JOHNSON'S interference with ongoing criminal investigations;

l. Complaints regarding JOHNSON'S lacks knowledge of local issues, and as a result, Complaints that JOHNSON violated law and embarrassed the Department by removing political signs around the City;

m. and Complaints about officer safety issues.

13. DEFENDANT JOHNSON continuously made comments regarding PLAINTIFF'S union activity and on information and belief, statements suggesting that he would retaliate against him for said actions. For example, JOHNSON stated that he was aware that PLAINTIFF and the union had spoken to city council about grievances towards him. JOHNSON challenged the union and PLAINTIFF regarding his protected speech, stating "bring it on, I'm ready for a fucking war with you guys." JOHNSON challenged the union to do a vote of no confidence as well.

14. JOHNSON told PLAINTIFF that he had seen officer's careers ruined by their union activity, and that when he was a member of the Police Protective League while working at LAPD, his goal was to work with the administration and not cause problems.

15. In or around May of 2016, during contentious contract negotiations between the City and UPMA, JOHNSON called PLAINTIFF into his office and told PLAINTIFF that it should be PLAINTIFF'S goal to support and work with the City. JOHNSON stated that he believed that PLAINTIFF was causing strife between the City, JOHNSON and the UPMA. JOHNSON said that down the road this would be remembered.

16. PLAINTIFF was the chief UPMA negotiator, in or about September 2016, when DEFENDANTS established a promotional list for Lieutenant. PLAINTIFF passed the test and scored 95 out of 100 and placed second in the testing process. He was placed on the promotional list for Lieutenant. The officer who tested first was initially promoted. Subsequently, PLAINTIFF was skipped and the employee who tested third was promoted over him. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS took this action against PLAINTIFF in retaliation for his protected speech and protected activities.

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

CASTILLO HARPER
A PROFESSIONAL CORPORATION

CASTILLO HARPER
A PROFESSIONAL CORPORATION

17.     There remained an open Lieutenant position, but based on information and belief, in retaliation for engaging in various forms of protected speech and association, PLAINTIFF was retaliated against when the Department "froze" the Lieutenant position ensuring that he would not be promoted.

18.     On or about January 2017, DEFENDANT JOHNSON stated during a joint meeting with the UPMA and Upland Police Officers Association that he "had dirt" on all of the union board members, and DEFENDANT JOHNSON specifically pointed to PLAINTIFF. Based on his position as Union President, PLAINTIFF went to DEFENDANT CITY MANAGER THOUVENELL with several associational grievances related to DEFENDANT JOHNSON'S threatening and retaliatory conduct, which based on information and belief, violated state and federal law, and department policies.

19.     On or about April 19, 2017, PLAINTIFF was placed on administrative leave and was the subject of an internal affairs investigation based on false and pretextual allegations of misconduct. PLAINTIFF was continuously asked questions regarding union business and told he was required to disclose confidential union business or be subject to an additional insubordination charge. PLAINTIFF was noticed of DEFENDANT'S intent to terminate him, and ultimately PLAINTIFF was forced to resign.

20.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS and each of them conspired to and did deprive him of his right to Due Process. PLAINTIFF was given defective notice related to his administrative leave. He was then denied his right to a Discipline Review Board (DRB) hearing even though it is his right under city policy.

21.     PLAINTIFF'S rights were further violated as he was disciplined twice for the same claimed violation. PLAINTIFF was further denied a fair investigation based on a series of conflicts of interest. PLAINTIFF was further denied due process through the Skelly Process again based on multiple conflicts of interest, including counsel for the City acting as an investigator and refusing to recuse himself as the Skelly officer.

22.     PLAINTIFF believes and is informed that the actions of DEFENDANTS as described herein were malicious, fraudulent, and/or oppressive and done with a willful and

6

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

1    conscious design to injure PLAINTIFF and with a blatant disregard for PLAINTIFF's rights.

2    DEFENDANTS, and each of them and/or their agents/employees, supervised, authorized,

3    condoned and ratified the unlawful conduct of each other.

## FIRST CAUSE OF ACTION

### *Labor Code § 1102.5 Retaliation*

### *Against the City of Upland*

7    23.    PLAINTIFF restates and incorporates by this reference each and every

8    allegation contained in the preceding paragraphs of this Complaint as though set forth

9    herein.

10    24.    Labor Code § 1102.5 prohibits an employer from, among other things, retaliating

11    against an employee for disclosing a violation of state or federal statute, or a violation or

12    noncompliance with state, local or federal regulations.

13    25.    As set forth above, PLAINTIFF disclosed, and actively opposed DEFENDANT

14    JOHNSON'S violations of state and federal law, and department policy. PLAINTIFF'S

15    disclosures were based on his reasonably held belief that DEFENDANTS' actions constituted

16    violations of state and/or federal law, as well as department policy. PLAINTIFF'S grievances

17    and other reports of misconduct were also based on his reasonably held belief that

18    DEFENDANTS violated law and policy.

19    26.    DEFENDANTS' actions against PLAINTIFF, including failures to promote

20    him to Lieutenant, his constructive discharge, and other adverse actions as described above,

21    were carried out in retaliation for said disclosing and opposing violations of law and policy.

22    27.    PLAINTIFFS' disclosure and activities are protected under section 1102.5.

23    Subsection (e) states that "[a] report made by an employee of a government agency to his

24    employer is a disclosure of information to a government or law enforcement agency."

25    28.    As a direct and proximate result of DEFENDANTS' unlawful conduct,

26    PLAINTIFF has suffered and will continue to suffer severe physical and mental distress,

27    humiliation, embarrassment, anxiety, loss of earnings, loss of other employment benefits,

28    medical expenses, lack of professional opportunities and advancement, and other general

CASTILLO HARPER
A PROFESSIONAL CORPORATION

7

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

and special damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### *42 U.S.C. § 1983 Due Process*

### *Against All Defendants*

29.     PLAINTIFF restates and incorporates by this reference each and every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

30.     PLAINTIFF had a property interest in his position as Sergeant with the Upland Police Department under the Fourteenth Amendment.

31.     PLAINTIFF had and has a fundamental and vested property interest in employment that necessarily includes the right to procedural and fundamental fairness in any administrative process concerning the status of this property interest right as concerns his employment with the DEFENDANT City.

32.     PLAINTIFF is informed and believes and theron alleges that he was deprived of his constitutionally guaranteed due process when he was, among other things as alleged above, deprived of a fair and impartial Skelly Hearing, deprived of a DRB (Discipline Review Board) hearing, and deprived of documents to which he was entitled.

33.     The aforementioned actions and omissions by DEFENDANTS violated PLAINTIFF'S rights under state and federal law.

34.     In doing the things alleged herein. DEFENDANTS violated the rights of PLAINTIFF under the Fifth and Fourteenth Amendments to the United States Constitution to due process.

35.     It was or should have been plainly obvious to any reasonable policy making official of the DEFENDANT City that the acts and omissions of DEFENDANTS as alleged herein directly violated and continued to violate PLAINTIFF'S clearly established constitutional and statutory rights.

36.     In doing the things alleged herein, DEFENDANTS acted with malicious intent to violate PLAINTIFF s rights, or at least in conscious, reckless, and callous disregard of PLAINTIFF'S rights and to the injurious consequences likely to result from a violation of said rights.

CASTILLO HARPER
A PROFESSIONAL CORPORATION

8

37.    As a direct and proximate result of defendants' unlawful conduct, PLAINTIFF has suffered and will continue to suffer severe physical and mental distress, humiliation, embarrassment, anxiety, loss of earnings, loss of other employment benefits, medical expenses, lack of professional opportunities and advancement, and other general and special damages in an amount to be proven at trial.

38.    General and special damages are sought according to proof, in addition to attorneys' fees and costs of suit as allowed by law. Punitive damages are sought against the individual defendants, according to proof.

## THIRD CAUSE OF ACTION

### *42 U.S.C. § 1983 – First Amendment Retaliation*

### *Against All Defendants*

39.    PLAINTIFF hereby incorporates each and every preceding paragraph as though set forth in full here.

40.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS JOHNSON, THOUVENELL and City caused him to suffer adverse actions, including denial of promotion to lieutenant and his ultimate constructive discharge, at least in substantial part, for exercising his Constitutional rights to free speech, to petition the government, and to association, with respect to his union speech, affiliation and activities, and otherwise.

41.    In doing the things alleged herein, DEFENDANTS, and each of them, violated the rights of PLAINTIFF under the First and Fourteenth Amendments to the United States Constitution. The acts and omissions of DEFENDANTS, and each of them, were done by DEFENDANTS under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which DEFENDANT delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken, or customs and practices followed.   The acts and omissions of DEFENDANTS as alleged herein manifested or conformed to official policies, customs, practices, or decisions of Defendant City, in that it delegated to Defendant JOHNSON and THOUVENELL its policy making authority in all matters of employment relations, with knowledge of the aforesaid policies, customs, practices

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

CASTILLO HARPER
A PROFESSIONAL CORPORATION

1    and decisions of Defendants Johnson and THOUVENELL, ratified and adopted said policies,

2    customs, practices and decisions.

3        42.    Specifically, Defendants Johnson and THOUVENELL, at all times relevant to the

4    allegations herein, maintained final policy making authority and/or were delegated such authority

5    with respect to the adverse employment actions against PLAINTIFF.  It was or should have been

6    plainly obvious to any reasonable policy making official of the City that the acts and omissions

7    of Defendants as alleged herein, taking singly or in conjunction, directly violated and continued

8    to violate PLAINTIFFS clearly established constitutional and statutory rights.   Indoing the

9    things alleged herein, DEFENDANTS acted with malicious intent   to violate PLAINTIFF'S

10   rights, or at least in conscious, reckless, and callous disregard of PLAINTIFFS rights and to the

11   injurious consequences likely to result from a violation of said rights.

12       43.    As a direct and proximate result of DEFENDANTS' unlawful conduct,

13   PLAINTIFF has suffered and will continue to suffer severe physical and mental distress,

14   humiliation, embarrassment, anxiety, loss of earnings, loss of other employment benefits,

15   medical expenses, lack of professional opportunities and advancement, and other general

16   and special damages in an amount to be proven at  trial.

17       44.    General, special, and exemplary damages are sought according to proof.   Punitive

18   damages are sought only against Defendants JOHNSON and THOUVENELL according to

19   proof.

20                    **FOURTH CAUSE OF ACTION**

21   *Retaliation, Interference, Discrimination in Violaiton of Government Code §§ 3502, 3502.1 &*

22                    *3506 – Against All Defendants*

23       45.    PLAINTIFF restates and incorporates by this reference each and every

24   allegation contained in the preceding paragraphs of this Complaint as though set

25   forth herein.

26       46.    Government Code sections 3502 and 3506 prohibit public agencies from, among

27   other things, interfering with, or discriminating against, public employees because of their

28

CASTILLO HARPER
A PROFESSIONAL CORPORATION

                              10
              **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR
                              JURY TRIAL**

1  participation in the activities of employee organizations for the purpose of representation on all

2  matters of employer-employee relations.

3      47.    Government Code § 3502.1 states: "No public employee shall be subject to

4  punitive action or denied promotion, or threatened with any such treatment, for the exercise of

5  lawful action as an elected, appointed, or recognized representative of any employee bargaining

6  unit."

7      48.    Government Code § 3506 states: "Public agencies and employee organizations

8  shall not interfere with, intimidate, restrain, coerce or discriminate against public employees

9  because of their exercise of their rights under Section 3502."

10      49.    DEFENDANTS' actions against PLAINTIFF, including failures to promote

11  him to Lieutenant, his constructive discharge, and other adverse actions as described

12  above, were in substantial part carried out in retaliation for PLAINTIFF'S exercise of

13  rights under the MMBA.

14      50.    PLAINTIFF engaged in activity and excercised rights under Government

15  Code § 3502.

16      51.    DEFENDANTS' interfered with and attempted to restrain and otherwise

17  punish and deter PLAINTIFF'S protected activity, and further retaliated against and

18  discriminated against PLAINTIFF based on his protected union activity in violation of

19  Government Code §§ 3502, 3502.1 and 3506.

20      52.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered

21  and will continue to suffer severe physical and mental distress, humiliation,

22  embarrassment, anxiety, loss of earnings, loss of other employment benefits, medical

23  expenses, lack of professional opportunities and advancement, and other general and

24  special damages in an amount to be proven at trial.

25      53.    The conduct of defendants JOHNSON, THOUVENELL, City and Does 1

26  through 10, and each of them and/or their agents/employees, as described herein was

27  malicious, fraudulent, and/or oppressive and done with a willful and conscious

28  disregard for PLAINTIFF'S rights and for the deleterious consequences of

CASTILLO HARPER
A PROFESSIONAL CORPORATION

11

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

1  DEFENDANTS' actions. DEFENDANTS, and each of them and/or their

2  agents/employees, supervised, authorized, condoned and ratified the unlawful conduct of

3  each other. Consequently, PLAINTIFF is entitled to punitive damages against each of

4  said DEFENDANTS. Unless and until defendants' unlawful policies and practices as

5  alleged herein are enjoined and restrained by order of this court, defendants will continue

6  to cause great and irreparable injury to PLAINTIFF.

7  <b><u>PRAYER FOR RELIEF</u></b>

8      **WHEREFORE**, PLAINTIFF prays for relief as follows:

9  1. For general, compensatory, and special damages in amounts according to proof against

10     all DEFENDANTS;

11  2. For punitive damages in amounts according to proof against JOHNSON and

12     THOUVENELL only;

13  3. Injunctive relief ordering DEFENDANTS:

14      a. To expunge any false negative personnel documents provided by

15        DEFENDANTS relating to the adverse actions that are the subject of this

16        action; and

17      b. To take any and all necessary and reasonable steps to remove the stigma and

18        negative perception of SIMPSON;

19  4. For attorneys' fees as provided by law;

20  5. For prejudgment, post-judgment and other interest as provided by law;

21  6. For cost of suit incurred herein; and

22  7. For such other and further relief as the Court deems fair and just.

23  Dated: April 17, 2018           Respectfully submitted,

24

25                     CASTILLO HARPER, APC

26

27                     Brandi L. Harper

28                     Joseph N. Bolander
                    *Attorneys for Plaintiff*
                    MARCUS SIMPSON

<i>CASTILLO HARPER<br>A PROFESSIONAL CORPORATION</i>

12

<b>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR<br>JURY TRIAL</b>

1   **DEMAND FOR TRIAL BY JURY**

2   PLAINTIFF hereby demands a trial by jury.

3

4

5

6

7   Dated:  April 17, 2018                Respectfully submitted,

8                                         CASTILLO HARPER, APC

9

10

11                                        Brandi L. Harper
12                                        Joseph N. Bolander
13                                        *Attorneys for PLAINTIFF*
                                          MARCUS SIMPSON
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR
JURY TRIAL**

CASTILLO HARPER
A Professional Corporation